IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-CV-1314-BO

| | |
|---|---|
| MARKO ANTHONY PORTER, *as Personal Representative for Jacob William Porter, deceased,*<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER |

This matter comes before the court on Plaintiff Marko Anthony Porter's ("Porter") Notice of Appointment of Personal Representative, [DE-12], and motion to lift stay of proceedings, [DE-13]. The notice was filed in response to the court's November 10, 2025 order seeking information needed to evaluate whether Porter, who is not a licensed attorney, may proceed with this case filed on behalf of his son, Jacob William Porter, in a representative capacity. [DE-11].

Plaintiff filed a Statement of Informal Appointment of Personal Representative and Letters of Appointment of Personal Representative and Acceptance of Appointment of Personal Representative issued by the Superior Court of Arizona in Maricopa County, appointing Porter as personal representative of the estate of Jacob William Porter. [DE-12-1]. Porter asserts that there are no other creditors or beneficiaries of the estate and also provided an affidavit stating that Jacob William Porter's siblings and mother have disclaimed any interest in the estate. [DE-13, -13-1].

"[G]enerally a plaintiff proceeding *pro se* cannot litigate on behalf of another party." *Avent v. State Farm Fire & Cas. Co.*, No. 5:16-CV-278-BO, 2017 WL 4171971, at *2 (E.D.N.C. Sept. 20, 2017) (citing *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to

litigate for oneself, however, does not create a coordinate right to litigate for others.")). However, "where a *pro se* plaintiff is also the administrator of an estate, and there are no other beneficiaries or creditors, some circuits have permitted a plaintiff to proceed on behalf of the estate as well." *Id.* (citing *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211 (5th Cir. 2016); *Bass v. Leatherwood*, 788 F. 3d 228, 230–31 (6th Cir. 2015); *Guest v. Hansen*, 603 F.3d 15, 19–21 (2d Cir. 2010)). While the Fourth Circuit has not squarely addressed the issue, it has previously remanded a case to determine "whether there are other beneficiaries, and whether there are any creditors involved." *See Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659, 659 (4th Cir. 2014); *see also Ninki v. United States*, No. 7:24-CV-908-BO, [DE-3] (directing *pro se* plaintiff attempting to pursue a CLJA claim in a representative capacity on behalf of a deceased parent to provide documentation regarding the estate's beneficiaries and creditors).

The court finds that Porter may proceed in a representative capacity with this case filed on behalf of the estate of Jacob William Porter where Porter has demonstrated that he is a beneficiary and authorized representative for the estate and that there are no other beneficiaries or creditors. Accordingly, the motions are allowed, and the Clerk of Court shall continue management of the case and provide notice to the United States of this suit as provided in Standing Order 23-SO-1.

SO ORDERED, this 13 day of January, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge